UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

AKIRO LLC,

            Plaintiff,

-against-

HOUSE OF CHEATHAM, INC. and
ROBERT H. BELL

            Defendants.

------------------------------------------------X

JUDGE RAKOFF

Civil Action No.

12- Civ.

**COMPLAINT**

**JURY TRIAL
DEMANDED**



12 CV 5775

RECEIVED JUL 27 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, Akiro LLC, ("Plaintiff"), by and through its undersigned counsel, as and for its Complaint against defendants House of Cheatham, Inc. ("Cheatham") and Rober H. Bell ("Bell") (collectively "Defendants"), hereby alleges the following:

### Nature of the Action

1. This is a simple case involving the infringement of Plaintiff's famous and inherently distinctive trademarks, namely, MISS JESSIE'S as used in connection with the sale of hair care products and preparations in the form gels, creams offered for sale by and through certain select retailers nationwide (hereinafter referred to as the "MISS JESSIE'S Mark").

2. Despite the well-established and widely acknowledged fame of the MISS JESSIE'S Mark, Cheatham, a provider of ethnic hair care products very recently began using "Aunt Jackie's" in connection with the sale of its own hair care products (the "Infringing Mark") in a deliberate attempt to misappropriate and trade off on Plaintiff's hard-earned and well-deserved good will associated with the MISS JESSIE'S Mark. Cheatham hopes to confuse and mislead consumers into purchasing Cheatham's lesser known and inferior hair care products, confusion that is certain to damage Plaintiff's revenue stream, profitability, and moreover, irreparably tarnish its commercial reputation in the market place.

3. Making matters worse and creating a likelihood of confusion, Defendants are also imitating Plaintiff's label design and at least one of Cheatham's hair care products is the same distinctive

– and yet completely arbitrary – lavender color of one of Plaintiff's most well recognized and best selling hair care products, namely MISS JESSIE'S CURLY PUDDING.

4. Likewise, Bell is the owner and president of Cheatham, and he is fully aware of Plaintiff's prior and superior rights to and interest in the MISS JESSIE'S Mark and related hair care products, but nonetheless, he personally took part in carrying out the infringement and authorized and approved of Cheatham's use of the Infringing Mark.

5. Upon becoming aware of these extremely disturbing facts, Plaintiff was left with no other option than to commence this action, whereby Plaintiff seeks to preliminarily and permanently enjoin Defendants from continuing to use the Infringing Mark (including variations, derivatives and/or colorable imitations thereof) in connection with Cheatham's business of selling hair care products based on: (1) federal trademark infringement, pursuant to Section 32(1)(a) of the Lanham Act (15 U.S.C. § 1114); (2) unfair competition and false designation of origin pursuant to (a) Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and (b) New York State common law; and (3) trademark dilution pursuant to Section 360-1 of New York General Business Law (G.B.L. § 360-1).

6. Plaintiff also seeks to recover any and all appropriate and available monetary damages in compensation for Defendants' acts of infringement, dilution and unfair competition, including but not limited to trebled damages, punitive damages, reasonable attorneys' fees, and any and all costs incurred in connection with Plaintiff's prosecution of this action.

## Jurisdiction and Venue

7. This Court has jurisdiction over this action pursuant to: (i) Section 39 of the Lanham Act (15 U.S.C. § 1121); (ii) 15 U.S.C. §§ 1131, 1132, and 1138(a) – (b); and, in accordance with the principles of pendent/supplemental jurisdiction under 15 U.S.C. § 1367(a).

## The Parties

8. Plaintiff is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 401 Broadway, Suite 202, New York, New York 10013.

9. Cheatham is a corporate entity organized and existing under the laws of the State of Georgia, with its principal executive offices located at 1550 Roadhaven Drive, Stone Mountain, Georgia 30083.

10. Bell is Cheatham's owner and president with a business address at 1550 Roadhaven Drive, Stone Mountain, Georgia 30083.

## Facts Common to all Claims for Relief

11. Since at least as early as 2003, Plaintiff has used its MISS JESSIE'S Mark continuously and without interruption in connection with the sale of its hair care products.

12. Over the course of the past nine (9) years, Plaintiff has expended and applied considerable financial investment (and other valuable resources) toward the marketing, advertising, and promoting of its MISS JESSIE'S Mark, which monetary investments alone amount to a total sum in excess of one million dollars ($1,000,000.00), including marketing and promotional campaigns such as "sampling events," "gifting suites" and "giveaways."

13. During such time, Plaintiff has also participated in numerous hair care product trade shows throughout the United States, and has purchased advertising placements in highly popular, nationally recognized magazine publications, including without limitation, *Lucky, Elle, Allure, O Magazine, Marie Claire, US Weekly, Vibe, Essence, Ebony, Juicy, Sister to Sister, Cosmo Girl, Star, Ladie's Home Journal, Mira!*, and *Latina*.

14. In addition, Plaintiff has advertised and promoted the MISS JESSIE'S Mark on numerous billboards strategically placed to target wide audiences, through audio spots on popular radio broadcasts,

and has expended thousands more dollars in connection with the hiring and retention of individual publicists as well as public relations firms, in order to promote the MISS JESSIE'S Mark.

15. As a result of Plaintiff's continuing, uninterrupted, cost-intensive and far-reaching efforts to market, advertise and promote its MISS JESSIE'S Mark and related products, Plaintiff has earned millions of dollars. In addition, Plaintiff's MISS JESSIE'S Mark has achieved national fame and recognition, garnered a loyal and ever-increasing following and fan base. Currently, MISS JESSIE'S is the official United States hair care product partner of *Sparkle* – the theatrical movie release staring Jordin Sparks and Whitney Houston.

16. The MISS JESSIE'S Mark has been recognized by popular magazines and specialty publications as the best hair care product for "kinky, curly and wavy hair." Moreover, as recently as August 2011, the MISS JESSIE'S CURLY PUDDING hair care product was featured on NBC's *Today Show* as a "best of brand" product.

17. Plaintiff and the MISS JESSIE'S Mark enjoys a huge and ever-increasing following and fan base, including influential journalists, magazine publications, online bloggers who devote hours of their time to compiling and producing videos and Internet broadcasts, praising and applauding the MISS JESSIE'S hair care products.

18. Plaintiff's prior rights to and interests in the MISS JESSIE'S Mark (including variations, derivatives and colorable imitations thereof) are beyond debate.

19. Plaintiff is the certified owner of the MISS JESSIE'S Mark in connection with hair care products, which was awarded registration by the United States Patent and Trademark Office, Registration Number 3,482,013 (the "Registration").

20. The Registrations are valid, subsisting, and in full force and effect, and serve as compelling evidence of Plaintiff's rightful ownership of, vested interests in, and exclusive rights to the use of its registered trademark under which Plaintiff sells a variety of hair care products including PILLOW SOFT CURLS; CURLY MERINGUE; CURLY PUDDING; CRÈME DE LA CRÈME; RAPID RECOVERY

TREATMENT; SUPER SWEETBACK TREATMENT; STRETCH SILKENING CRÈME; QUICK CURLS; SUPER SLIP SUDSY SHAMPOO, CRÈME DE LA CURL; BABY BUTTERCREME; and CURLY BUTTERCREME – all under its famous MISS JESSIE'S Mark.

### Defendants' Bad Acts

21. All actions taken by Cheatham were authorized, supported, and encouraged by Bell, who was fully aware of Plaintiff's prior and superior rights to and interests in the MISS JESSIE'S Mark, yet Bell willfully and deliberately sought to infringe on Plaintiff's MISS JESSIE'S Mark as well as benefit from Plaintiff's business reputation and goodwill by deceiving and confusing the public, the trade, and consumers.

22. Plaintiff recently learned that Cheatham, with the knowledge and support of Bell, is now using the Infringing Mark in connection with Cheatham's own inferior brand of hair care products.

23. Cheatham began using its Infringing Mark long after Plaintiff had unquestionably established its ownership of, vested interests in, and exclusive rights to the MISS JESSIE'S Mark.

24. Cheatham's Infringing Mark is confusingly similar to Plaintiff's MISS JESSIE'S Mark.

25. Cheatham's Infringing Mark and Plaintiff's MISS JESSIE'S Mark are used in connection with the same or similar products, namely, hair care products for kinky, curly, and wavy hair.

26. Further, Cheatham's hair care products and Plaintiff's hair care products are sold through similar and overlapping channels of trade and distribution under confusingly similar trademarks.

27. Cheatham's use of the Infringing Mark has been undertaken, continued and sustained willfully and deliberately, with full knowledge of Plaintiff's prior use and rightful ownership of, not to mention exclusive rights to and interests in the now famous MISS JESSIE'S Mark, and with the specific, willful and calculated intention of creating confusion among consumers, and to deceive consumers of the same or virtually identical markets into believing that Plaintiff sponsors, approves, or has otherwise authorized Cheatham to use of Infringing Mark in connection the sale of Cheatham's similar product line, thereby causing irreparable and immeasurable injury to Plaintiff.

28. Cheatham's actions: **(a)** are likely to affect interstate commerce by deceiving or confusing the public throughout the U.S., including but not limited to, New York State; **(b)** constitute a false designation of the origin of the MISS JESSIE'S Mark; **(c)** falsely suggest or imply a non-existent connection, association or partnership between Defendants and Plaintiff; **(d)** falsely suggest that Plaintiff has sponsored, licensed, approved or otherwise authorized Defendant's use of the Infringing Mark in connection with its sale of hair care products which are of the same or extremely similar nature and type of goods as those offered by Plaintiff and its retail partners throughout the U.S., all of which prominently bear Plaintiff's MISS JESSIE'S Mark; and **(e)** have diluted, damaged, blurred and tarnished the inherently distinctive quality, hard-earned nationally recognized good will, as well as the overall value of Plaintiff's MISS JESSIE'S Mark.

29. Cheatham's bad acts are certain continue to severely damage Plaintiff's commercial reputation and sheer viability with each passing day that Cheatham's willful and illegal bad acts, deliberately undertaken, are permitted to continue freely in the absence of judicial intervention, such as the preliminary and permanent injunctive relief sought herein.

30. Such confusion, counterfeiting, infringement, and unfair competition, are and will continue to irreparably injure Plaintiff's goodwill, business reputation, and Plaintiff's MISS JESSIE'S Mark.

31. Bell was fully aware of Plaintiff's prior and superior rights to and interest in the MISS JESSIE'S Mark.

32. Bell personally took part in and instructed Cheatham in the infringement and authorized, approved, and encouraged Cheatham's use of the Infringing Mark.

33. Bell intended to infringe on Plaintiff's MISS JESSIE'S Mark.

# FIRST CLAIM FOR RELIEF FOR
# FEDERAL TRADEMARK INFRINGEMENT PURSUANT
## TO SECTION 32(1) (A) OF THE LANHAM ACT (15 U.S.C. § 1114)

34. Plaintiff repeats, realleges, and reavers the allegations set forth in the foregoing paragraphs numbered 1 through 33 above as if fully set forth herein.

35. Cheatham's unauthorized and unlicensed use of the MISS JESSIE'S Mark or variations thereof, including Cheatham's use of the Infringing Mark in connection with the sale, offering for sale, distribution, promotion, and advertising of products or services infringes on Plaintiff's MISS JESSIE'S Mark. Such unauthorized and unlicensed use is likely to cause confusion, to cause mistake, or to deceive, and constitutes federal trademark infringement.

36. Consumers and the trade are likely to be confused, mistaken, or deceived and to believe that Cheatham's products and services are those of Plaintiff, or are sponsored, authorized, licensed by or otherwise connected with Plaintiff, or that Cheatham's is Plaintiff or is connected with Plaintiff. By Cheatham's infringing acts, Cheatham unjustly enriches itself and damages Plaintiff.

37. Cheatham's acts are in violation of Section 32(1) (a) of the Lanham Act, 15 U.S.C. § 1114, which provision prohibits the infringement of a registered trademark.

38. Cheatham's violations of 15 U.S.C. § 1114 described above were undertaken by Cheatham and Bell willfully and deliberately.

39. Bell was fully aware of Plaintiff's prior and superior rights to and interest in the MISS JESSIE'S Mark.

40. Bell personally took part in and instructed Cheatham in the infringement and authorized, approved, and encouraged Cheatham's use of the Infringing Mark.

41. Bell intended to infringe on Plaintiff's MISS JESSIE'S Mark.

42. Defendants' misconduct has caused and will continue to cause irreparable injury to Plaintiff and Plaintiff's MISS JESSIE'S Mark absent this Court's granting the preliminary and permanent

injunctive relief requested by Plaintiff herein – damages for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF FOR UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN PURSUANT TO SECTION 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(A))

43. Plaintiff repeats, realleges, and reavers the allegations set forth in the foregoing paragraphs numbered 1 through 42 above as if fully set forth herein.

44. Cheatham's unauthorized and unlicensed use of the MISS JESSIE'S Mark or variations thereof, including the Infringing Mark, in connection with the advertising, promotion and sale of products and services in the United States of America, which are the same as, closely related to, or competitive with those products offered by Plaintiff, constitutes unfair competition. Cheatham's acts constitute the use of a false designation of origin and a false representation of the source of Cheatham's products and services.

45. Consumers and the trade are likely to be confused and to believe that Cheatham's products and services are Plaintiff's products and services, or are sponsored, authorized, licensed by or otherwise connected with Plaintiff. By Cheatham's acts, Cheatham unjustly enriches itself and damages Plaintiff.

46. Cheatham's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Cheatham's acts described above in violation of 15 U.S.C. § 1125(a) were undertaken and encouraged by Bell willfully and deliberately.

48. Bell was fully aware of Plaintiff's prior and superior rights to and interest in the MISS JESSIE'S Mark.

49. Bell personally took part in and instructed Cheatham in the infringement and authorized, approved, and encouraged Cheatham's use of the Infringing Mark.

50. Bell intended to infringe on Plaintiff's MISS JESSIE'S Mark.

51. Defendants' misconduct has caused and will continue to cause irreparable injury to Plaintiff absent this Court's granting the preliminary and permanent injunctive relief requested by Plaintiff herein – damages for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF FOR
### COMMON LAW UNFAIR COMPETITION

52. Plaintiff repeats, realleges, and reavers the allegations set forth in the foregoing paragraphs numbered 1 through 51 above as if fully set forth herein.

53. Cheatham's unauthorized and unlicensed use of the MISS JESSIE'S Mark or variations thereof, including the Infringing Mark, is likely to cause confusion among the public and the trade as to the origin, source, sponsorship or quality of the products and services offered by Plaintiff and Cheatham. Cheatham's unauthorized and unlicensed use of the MISS JESSIE'S Mark on products that are not sponsored by Plaintiff – and therefore, whose quality is neither assured nor approved by Plaintiff – will substantially injure Plaintiff's goodwill and reputation.

54. Cheatham has willfully and in bad faith misappropriated and are using the MISS JESSIE'S Mark with full knowledge of Plaintiff's prior use of and superior rights to and interests in the MISS JESSIE'S Mark.

55. Defendants have full knowledge of the excellent commercial reputation and the hard-earned and well-deserved good will associated with Plaintiff and Plaintiff's MISS JESSIE'S Mark.

56. Defendants have full knowledge that they have no license, authorization nor authority of any kind to use Plaintiff's MISS JESSIE'S Mark (including any and all variations, derivatives or colorable imitations thereof) in connection with hair care products.

57. By disregarding Plaintiff's established rights to and interest in the MISS JESSIE'S Mark, Cheatham has been unjustly enriched and continues to unfairly reap immeasurable benefits from the good will Plaintiff has worked hard and expended considerable resources to develop.

58. Cheatham's willful conduct constitutes common law unfair competition with Plaintiff, which is damaging and will cause irreparable injury to Plaintiff and Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

59. Bell was fully aware of Plaintiff's prior and superior rights to and interest in the MISS JESSIE'S Mark.

60. Bell personally took part in and instructed Cheatham in the infringement and authorized, approved, and encouraged Cheatham's use of the Infringing Mark.

61. Bell intended to infringe on Plaintiff's MISS JESSIE'S Mark.

62. Defendants' willful misconduct set forth above constitutes common law unfair competition as against Plaintiff, as a result of which Plaintiff has already suffered damages and will continue to suffer irreparable injury to Plaintiff and Plaintiff's good will and renowned commercial reputation associated with the MISS JESSIE'S Mark absent this Court's granting the preliminary and permanent injunctive relief requested by Plaintiff herein – damages for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF FOR TRADEMARK DILUTION UNDER NEW YORK STATE LAW PURSUANT TO N.Y. GEN. BUS. L. § 360-l

63. Plaintiff repeats, realleges, and reavers the allegations set forth in paragraphs numbered 1 through 62 above as if fully set forth herein.

64. Cheatham's willful, unauthorized and unlicensed use of Plaintiff's famous and nationally renowned MISS JESSIE'S Mark (including any and all variations, derivatives and colorable imitations thereof) is likely to dilute the established good will and positive associations represented by Plaintiff's MISS JESSIE'S Mark.

65. Defendants' willful and deliberate, unauthorized and unlicensed activities constitute dilution of Plaintiff's MISS JESSIE'S Mark in violation of Section 360-l of the New York General Business Law, have already caused Plaintiff to suffer significant damages and will continue to cause

irreparable injury to Plaintiff absent this Court's granting the preliminary and permanent injunctive relief requested by Plaintiff herein – damages for which Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands a final judgment to issue from this Court as follows:

(A)  Preliminarily or temporarily enjoining and restraining Defendants, and its employees, heirs, attorneys, successors, affiliates, representatives, dealers, distributors, assigns, and all persons or corporate entities acting by, under, or in connection with Defendants, from:

> (i)  Imitating, copying, using, reproducing, displaying or authorizing any third party to imitate, copy, use, reproduce, or display the MISS JESSIE'S Mark or variations thereof, business name, domain name or other indicia of origin, in manner or form, alone or in combination with any words or designs, and from using any variation, reproduction, counterfeit, copy, colorable imitation, or simulation of the MISS JESSIE'S Mark in connection with the manufacture, importation, distribution, display, advertisement, promotion, sale, offering for sale, or providing of any hair car products or services in any fashion;
>
> (ii)  Using in any way any false designation of origin or false description, or performing any act that can, or is likely to mislead members of the trade or public to believe that a product or service offered by Cheatham is in any manner associated or connected with Plaintiff, or sponsored, approved or authorized by Plaintiff;
>
> (iii)  Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's MISS JESSIE'S Mark or variations thereof; and
>
> (iv)  Assisting, authorizing, aiding or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above.

(B)  Directing that Defendants deliver to Plaintiff within five (5) days following entry of judgment in Plaintiff's favor, all articles, conduits, vehicles and/or instruments of Defendants'

11

infringing conduct, including the following non-exhaustive illustrative list of examples of such items: any and all goods; products; promotional, informational and/or advertising materials, literature or writings (including but not limited to any and all promotional or informational flyers, pamphlets, inserts, packing slips, etc.); any physical or tangible objects or other manifestations and/or demonstrations of Defendants' infringing misconduct, including without limitation any cartons, boxes, containers, labels, wrappers, advertisements, promotional materials, brochures, catalogs, signs, point-of-sale displays, literature, stationary, pamphlets business cards, flyers and/or any and all other materials, objects, literature, writings, or any other physical matter in Defendants' care, custody, control or possession, also including but not limited to any simulations, variations or colorable imitations of Plaintiff's MISS JESSIE'S Mark or which could be used to reproduce the same.

(C) Directing that within five (5) days after entry of judgment, Defendants delete, remove and expunge all references to Plaintiff's MISS JESSIE'S Mark (and variations thereof) from all sales, advertising, and promotional materials, including but not limited to use on or in connection with web site(s) or domain name(s).

(D) Directing such other relief as this Court may deem appropriate to correct any erroneous impression among the trade and public, created by Defendants' acts, that any product(s) manufactured, displayed, advertised, offered for sale, sold or promoted by Cheatham bearing the MISS JESSIE'S Mark or variations thereof is related in any way to Plaintiff.

(E) Directing that Defendants file with this Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

(F) Awarding Plaintiff an accounting of royalties due, if any, and such damages as it has sustained or will sustain by reason of Defendants' trademark infringement and unfair competition, all gains, profits and advantages derived by Defendants from such conduct; and pursuant to

Section 35 of the Lanham Act, 15 U.S.C. § 1107, an amount of no less than $100,000.00 and up to three (3) times the amount of such actual damages as a result of Defendants' willful violation of the Lanham Act.

(G) Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as this Court deems appropriate, but an amount of no less than $100,000.00.

(H) Granting Plaintiff such other, different and further relief as this Court deems just, warranted and appropriate under the circumstances.

Dated: New York, New York
July 27, 2012

Carter Pek, P.C.

By: _____
D. Reeves Carter
Matthew A. Pek
110 Wall Street, 11th Floor
New York, New York 10005
Tel.: (212) 709-8095
Fax: (212) 943-2300
*Counsel for Plaintiff
Akiro LLC*