**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AKIRO, LLC,                                         :
                                                    :          Case No.:  12-CV-5775
                               Plaintiff,           :
                                                    :
              – against –                           :          The Hon. Jed S. Rakoff (U.S.D.J.)
                                                    :
HOUSE OF CHEATHAM, INC.,                             :
*and* ROBERT H. BELL,                               :          ECF Case
                                                    :
                               Defendants.          :
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFNDANT'S
"MOTIONS [sic] *IN LIMINE* TO PRECLUDE PROPOSED EXHIBITS."**

C ARTER  P EK, P.C.

<u>By</u>:   **D. Reeves Carter, Esq.
          Matthew A. Pek, Esq.**
110 Wall Street, 11th Floor
New York, New York 10005
<u>Tel.</u>:   (212) 709-8095
<u>Fax</u>:   (212) 943-2300
*Counsel for Plaintiff, Akiro, LLC*

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.   Defendant's Motion Should Be Denied in All Respects, As Each of the Three (3) Exhibits Challenged by Defendant and Designated by Plaintiff in its Rule 26(a)(3) Disclosures Is Admissible Over Defendant's General *Hearsay* and *Undue Prejudice* Objections ............... 2

    A.   Controlling Case Law Dictates That Standard Industry Reports and Other Similar an/or Related Market Data Compilations, Such as Plaintiff's Mintel Group Report and it IRI Reports Proffered by Plaintiff for use at Trial, Are Admissible Over Hearsay Objection .... 2

    B.   The Internet Postings Challenged by Defendant Are Relevant and Plainly Admissible ....... 4

CONCLUSION ..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Federal Cases**                                                            **Page #**

*Country Road Music, Inc. v. MP3.com, Inc.,*
   279 F.Supp.2d 325 (S.D.N.Y. 2003) (**Rakoff, J.**) .............................................. 3

*Crochet v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 18258 (W.D.La. Feb. 13, 2012)
   998 F.2d 91 (2d Cir. 1993)............................................................................ 3

*Hutchinson v. Essence Communications, Inc.*,
   769 F.Supp. 541 (S.D.N.Y. 1991)................................................................ 3

*Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*,
   828 F.Supp. 1114 (S.D.N.Y. 1993)............................................................. 3

*Schering Corp. v. Pfizer, Inc.*,
   189 F.3d 218 (2d Cir. 1999)........................................................................ 3

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp.2d 773 (S.D.Tex. 1999),
   998 F.2d 91 (2d Cir. 1993)......................................................................... 3

*Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.*,
   559 F.Supp. 1189 (E.D.N.Y. 1983) ............................................................ 3

*U.S. v. Harwood,*
   998 F.2d 91 (2d Cir. 1993).......................................................................... 3

*U.S. v. Jackson*, 208 F.3d 633 (7th Cir. 2000)
   998 F.2d 91 (2d Cir. 1993).......................................................................... 3


**Federal Rules and Statutes**                                              **Page #**

Fed. R. Civ. P. 26(a) ................................................................................ 1, 2, 3

Fed. R. Evid. § 403 ........................................................................................ 3

Fed. R. Evid. § 801 ........................................................................................ 3

Fed. R. Evid. § 802 .................................................................................. 1, 2, 3

Fed. R. Evid. § 803(6)................................................................................... 3

Fed. R. Evid. § 807 .................................................................................. 2, 3, 4

## PRELIMINARY STATEMENT

Plaintiff Akiro, LLC ("**Plaintiff**" or "**Akiro**"), by and through its undersigned counsel, Carter Pek, P.C., respectfully submits this memorandum of law in opposition to the motion *in limine* filed by the defendant, House of Cheatham, Inc. ("**HOC**" or "**Defendant**") on May 6, 2013 (the "**Motion**"), whereby Defendant seeks the extreme and drastic remedy of evidence-preclusion, as part of a last-ditch effort exclude three (3) specific Exhibits annexed to the Branch Affidavit[1] (*i.e.*, **Exhibits A, E and L**)[2] as identified by Plaintiff's in its timely filing of Plaintiff's Rule 26(a)(3)(A)(iii) Disclosures (Doc. 40). For the reasons set forth in detail below, however, it is plain to see that HOC's Motion is as wasteful as it is tenuous, and must therefore be denied and rejected, as a nominal yet entirely unavailing Motion.

In sum, Defendant bases its transparently broad and unsubstantiated objections to each of the three (3) Exhibits referenced above (and defined below at Point-I, *infra*) on the two (2) most garden-variety, yet over-abused species of objections.  To wit, Defendant objects to the admission of all three (3) Exhibits by lodging a blanket-challenge of "inadmissible hearsay" and arguing that all three (3) Exhibits should be precluded because "[u]nder Rule 802 of the Federal Rules of Evidence, hearsay is generally inadmissible."  Def. Mot., p. 1.  Further, as with Defendant's across-the-board hearsay objection to all three (3) documents, Defendant utilizes perhaps the most notorious of the "catch-all" objections to the admission of evidence, namely, by invoking the Rule 403 "balancing" test which measures the probative value of the proffered evidence against the potential undue prejudice that the objecting party may suffer if the evidence is admitted.  All told, the Motion at bar is plainly meritless.

Accordingly, in light of the controlling legal authorities cited and discussed at length below, there can be no doubt as to the admissibility of the three (3) documents that are the subject of Defendant's Motion, which, for the reasons set forth herein, should be denied in all respects.

---

[1] Capitalized terms appearing herein are used as defined in Defendant's Memorandum of Law in Support of Motions[sic] *in Limine* to preclude [Plaintiff]'s Proposed Exhibits, filed May 6, 2013 (the "**Motion**") (Doc. 43).
[2] Exhibits "A", "E" and "L" to the Branch Affidavit refer to the **Mintel Group Report** (*see* Pt. I, *infra*), **the Industrial Research Institute Reports** (or "IRI Reports"; *see id.*), and a selected sampling of user-posts as published on the Internet, (the "Internet Posts"; *see id.*) which, both collectively and independently tend to support, *inter alia*, Plaintiff's claims

## ARGUMENT

I. **Defendant's Motion Should Be Denied in All Respects, Because Each of the Three (3) Documentary Exhibits Challenged by Defendant in its Motion and Designated by Plaintiff in its Rule 26(a)(3)(A)(iii) Disclosures Is, Unquestionably Admissible Over Defendant's Generalized and Overly Broad Hearsay and Undue Prejudice Objections**

Defendant's objections to Plaintiff's three (3) exhibits, each discussed in detail and in turn below, are, simply put, underlined meritless. To be more specific, (i) the Mintel Group Ltd. Consumer Report on Black Haircare US (the "**Mintel Group Report**"), (ii) the Industrial Research Institute Reports (the "**IRI Reports**"), and (iii) selected Internet postings designated as Plaintiff's Exhibit "L" to the Branch Affidavit (the "**Internet Posts**") are not only highly probative and thus valuable for the issue of fact asserted, and speak directly to the black-letter material elements of to y and the "best evidence" available to either party to this action for the subject matter addressed and covered by each such Exhibit, but moreover, are admissible over Defendant's hearsay objection, as each of the three challenged Exhibits fall squarely within one or more of the enumerated hearsay exceptions, *and* are nonetheless admissible over Defendant's objection pursuant to the residual hearsay exception. *See, e.g.*, Fed. R. Evid. §§ 802, 803(6) and 807.

   A. Controlling Case Law Dictates That Standard Industry Reports and Other Similar And/Or Related Market Data Compilations, Such as Plaintiff's Mintel Group Report IRI Reports Proffered by Plaintiff for use at Trial, Are Admissible Over Hearsay Objection

The Mintel Group Report, as well as the IRI Reports Proffered by Plaintiff previously in this action in connection with and in support Plaintiff's Motion for Summary Judgment, are the very sort of Market Data and Industry Research Formalized Archives and Reports for which the residual hearsay exception was designed and codified (Fed. R. Evid. § 807) so as to permit the introduction of evidence such as Plaintiff's two (2) professional, clinical and fact-checked reports. Branch Aff., **Exhs. A and E**. Moreover, the above two (2) reports are admissible under the residual hearsay exception under Fed. R. Evid. § 807, because the totality of circumstances surrounding the reports guarantee that their trustworthiness is equivalent to that of two other exceptions to the hearsay rule. Namely, business

2

records (Fed. R. Evid. § 803(6)) and admission s by a party-opponent (*Id.*at Rule 801(D)(2)). Moreover, in light of the fact that Defendant cannot reasonably procure evidence as highly probative and material as that contained in the Mintel Group Report and the IRI Reports, it is in the interests of justice to admit these two (2) credible, sophisticated, professional and <u>probative</u> Reports into evidence.

The U.S. Second Circuit Court of Appeals has explained that evidence may be admitted pursuant to the residual hearsay exception of Federal Rule of Evidence 807 where it "fulfills five requirements:  trustworthiness, materiality, probative importance, the interests of justice, and notice." *Schering Corp. v. Pfizer, Inc.*, 189 F.3d 218, 231 (2d Cir. 1999); *citing U.S. v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993). Moreover, as this very Court has held in similar intellectual property infringement disputes that the same type of expert opinion and survey evidence proffered by Defendant here is <u>inadmissible</u>.  *See, e.g., Country Road Music, Inc. v. MP3.com, Inc.*, 279 F.Supp.2d 325, 331-32 (S.D.N.Y. 2003) (**Rakoff, J.**); *see also Toys R Us, Inc. v. Canarsie Kiddie Shop, Inc.*, 559 F.Supp. 1189 (E.D.N.Y. 1983); *Hutchinson v. Essence Communications, Inc.*, 769 F.Supp. 541 (S.D.N.Y. 1991); *accord Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 828 F.Supp. 1114 (S.D.N.Y. 1983).

In short, Plaintiff respectfully defers to Defendant's accurate explanation, under Rule 803(17) of the Federal Rules of Evidence, as to why the two (2) Reports proffered by Plaintiff here should be admitted into evidence over any and all of Defendant's hearsay objection:  "Rule 803(17) does **not** exclude the introduction of "market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations," such as the Mintel Group Report and the IRI Reports proffered by Plaintiff here and designated within its Rule 26(a)(3)(A)(iii) Disclosures.  *See* Def. Mot., at pp. 2-3 (*citing* Fed. R. Evid. § 803(17)) (emphasis supplied).

Accordingly, based on the principal tenets of Fed. R. Evid. § 801, 802, 803 and 807, focusing in particular on the enumerated (and residual) exceptions to the hearsay rule as provided for by Federal Statutes cited above, and in view of the controlling case law discussed above applying such Rules, there can be no doubt that each of the three (3) Exhibits challenged here are absolutely <u>admissible</u>.

B. The Internet Postings Challenged by Defendant Are Relevant and Plainly Admissible

The Internet Postings challenged by Defendant are likewise admissible – if not for the truth of the fact asserted under the residual hearsay exception (*see* Fed. R. Evid. § 807), then at a minimum, to elucidate and shed light on the element of party-speaker/declarant, and therefore not offered for the truth of the fact(s) asserted, but merely to elucidate the declarant's "mind state".  On this point, the objectivity of these Internet Posts speaks for itself, and the jury should absolutely have the opportunity to review Internet Postings of the public and specifically those of the relevant purchasing public here, namely, women with curly hair.  Accordingly, Plaintiff respectfully defers to the better judgment of this Court and the Federal Rules of Evidence, and supporting case law cited by Plaintiff, to determine that the Internet Posts undoubtedly are far too valuable from a probative standpoint to exclude them out of fear or concern or remote risk that Defendant would be unfairly prejudiced thereby.

At bottom, Plaintiff respectfully submits that, proof positive of the tenuous. unsupported and unsubstantiated nature of Defendant's objections to the Internet Posts, can perhaps best be seen by cursory reference to Defendants' legal authorities cited and relied upon for this very point, to wit, a paltry three (3) cases cited by Defendant in support of its Motion to exclude the Internet Posts specifically, none of which are controlling precedent on this Court, or even of any persuasive value.[3]

Thus, as is plain to see from a mere cursory review of the cases relied upon exclusively as their basis for the argument for this Court's exclusion of the Internet Posts, Defendant does not, because it cannot, cite to or locate *any* legal authorities, particularly case law, that are of any direct authority on this Court, and are of no controlling or precedential value.  Indeed, the fact that Defendant's counsel must reach as far as the Southern District of Texas, the Western District of Louisiana, and Seventh (7th) Circuit to locate any authorities to support their legal objection to the Internet Posts, **speaks volumes**.

---

[3] Def. Mot., p. 4 (*citing* (i) *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp.2d 773 (S.D.Tex. 1999), *Crochet v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 18258 (W.D.La. Feb. 13, 2012), and *U.S. v. Jackson*, 208 F.3d 633 (7th Cir. 2000)

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Defendant has utterly failed to carry its burden of demonstrating *either* legitimate hearsay grounds *or* any other legitimate evidentiary bases, including but not limited to Defendant's attempt to invoke the Balancing Test under Rule 403 of the Federal Rules of Evidence, and therefore, because Plaintiff has established that the three (3) Exhibits in question withstand Defendant's thin and undeveloped objections to these highly probative evidentiary exhibits of material import to key issues in this case (for which Defendant has not and cannot produce *any,* much less "better" evidence on the material facts established – all of which fall decidedly in Plaintiff's favor),[4] Defendant's Motion should be summarily denied at once.

Accordingly, for these reasons and more, Plaintiff respectfully requests that this Court enter an Order DENYING Defendant's desperate and meritless Motion, and accept for admission into evidence all three (3) Exhibits challenged by Defendant's Motion, for as set forth above, all such evidence is, in fact, and as a matter of law, admissible over Defendant's generalized, blanket-hearsay objection and/or Rule 403 "undue prejudice" objections to the Internet Posts in particular, and for such other, further and different relief as the Court may deem just, warranted and appropriate, under the circumstances.

Dated: New York, New York
        May 13, 2013

                                        Respectfully submitted,

                                        CARTER PEK, P.C.


                                        By: /s/ D. Reeves Carter
                                                D. Reeves Carter (DC-0045)
                                                Matthew A. Pek  (MP-9313)
                                        110 Wall Street, 11th Floor
                                        New York, New York 10005
                                        Tel.:   (212) 709-8095
                                        *Attorneys for Plaintiff, Akiro, LLC*

---

[4] *E.g.*, the existence of objective, actual confusion in the relevant market *via* the Internet Posts, and the veracity and highly probative value of the facts set forth in each of the two (2) Reports proffered by Plaintiff (*i.e.*, the Mintel Group Report and the IRI Reports).